IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN RE: | * | Case No. 14-23744 (TJC) |
| STUART ROBERT HANSEN, and MARY SUE HANSEN | * | Chapter 7 |
| | * | |
| Debtors | | |

* * * * * *   * * * * * *

| | |
|---|---|
| CUSTOMERS BANK | * |
| f/k/a New Century Bank | |
| 99 Bridge Street | * |
| Phoenixville, PA 19460 | |
| | * |
| Movant, | |
| | * |
| v. | |
| | * |
| STUART ROBERT HANSEN, and | |
| MARY SUE HANSEN | * |
| 400 Black Duck Drive | |
| Centreville, MD 21617 | * |
| | |
| And | * |
| | |
| MONIQUE D. ALMY (Ch. 7 Trustee) | * |
| Crowell & Moring | |
| 1001 Pennsylvania Avenue, N.W. | * |
| 10th Floor | |
| Washington, D.C. 20004-2595 | * |
| | |
| Respondents | * |

* * * * * * * * * * * *

CONSENT MOTION
FOR RELIEF FROM THE AUTOMATIC STAY
TO ALLOW CONTINUATION OF FORECLOSURE PROCEEDINGS
RESPECTING CERTAIN REAL PROPERTY LOCATED AT
<u>13 EAST CENTRAL AVENUE, PAOLI, PA 19301</u>

Customers Bank f/k/a New Century Bank ("Movant"), by and through its undersigned counsel, and pursuant to 11 U.S.C. Section 362(d), together with the consent

1

of the Debtors and the Chapter 7 Trustee, moves this Court to lift the stay and to enable Movant to enforce its rights and remedies, more specifically, by the continuation of the foreclosure proceedings pending in the Court of Common Pleas, Chester, PA, against Debtor's real property located at 13 East Central Avenue, Paoli, PA 19301, and in support thereof, says as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. Section 157 and 1334.

2. This a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(G).

### THE PARTIES

3. Movant is a bank whose principal office is located in Phoenixville, Pennsylvania.

4. Debtors are Maryland residents, residing in Centreville, MD.

5. The Debtors commenced this proceeding by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on September 3, 2014 (the "Petition Date").

### BACKGROUND

6. On or about September 3, 2006, New Century Bank made a loan to Hansen Paper Company, Inc. ("HPC") in the principal sum of $1,800,000.00 (the "Loan"), and Stuart Hansen executed that certain promissory note in the original principal sum of One Million Eight Hundred Thousand Dollars ($1,800,000.00) (the "Note") as President of HPC.

7. To induce New Century Bank to make the Loan, Stuart Hansen and Mary Sue G. Hansen executed that certain commercial guaranty agreement dated September 7,

2006 (the "Guaranty Agreement") wherein Debtors jointly and severally guaranteed the full and punctual payments of HPC's obligations to New Century Bank.

8. On May 29, 2009, New Century Bank, HPC, Stuart Hansen and Mary Sue Hansen entered into that certain Change in Terms Agreement (the "Agreement") wherein as consideration for those change in terms, Mary Sue Hansen agreed to provide additional real estate collateral to secure the Loan.

9. Pursuant to the parties' agreement, on or about May 29, 2009, in order to secure the repayment of the Loan, as modified, Mary Sue Hansen did execute and deliver unto New Century Bank an Open-End Mortgage (the "Mortgage") on her real property located at 13 East Central Avenue, Paoli, Tredyffrin Township, Chester County, Pennsylvania (the "Property").

10. The Mortgage was recorded by the Chester County Recorder of Deeds Office on June 5, 2009, in Book 7685, Page 1754, et. seq.

11. All obligations due and owing by HPC and by the Debtors became due and owing to Customers Bank as the successor bank.

12. HPC defaulted on the note as amended by the Agreement by failing to pay amounts due and owing thereon.

13. Debtors defaulted on the Guaranty Agreement and the Agreement by failing and refusing to cure HPC's defaults.

14. Debtor Mary Sue Hansen defaulted on the Mortgage due to her failure to pay amounts due on the Loan.

15. Movant thereafter filed a foreclosure complaint in the Court of Common Pleas, Chester County, PA (Case No.: 2013-07560).

16. On or about September 15, 2013, Movant obtained a judgment in foreclosure in the amount of $1,785,366.20, but per the agreement of the parties, the sum was reassessed on October 8, 2013 to $1,776,246.64.

17. As of the June 19, 2014 Sheriff's sale, the sum of $1,860,294.63 (being the judgment amount of $1,776,246.64, plus post judgment interest of $82,047.99, plus Sheriff's costs of $2,000.00) was due from HPC and the Debtors to Movant.

18. The Property was subsequently sold at Sheriff's sale on or about June 19, 2014to Devon Service, LLC, being Movant's REO division, for costs.

19. Accordingly, equitable title to the Property transferred prepetition.

20. However, as of the Petition Date, there remain additional foreclosure procedures necessary to conclude the foreclosure process for the Property, and to provide the Debtors with credit for the fair market value of the Property (being $440,000.00 per the latest appraisal), and to set the deficiency judgment remaining due to Movant as $1,420,294.63 as of June 19, 2014.

21. By this Motion, Debtor requests the Court lift the automatic stay respecting the Property to permit the Debtor to resume and finalize the foreclosure proceedings, to credit Debtors with the fair Market Value of the Property and to set the deficiency judgment remaining due to Movant at $1,420,294.63 as of June 19, 2014 in the Court of Common Pleas, Chester County (Case No. 2013-07560).

**ARGUMENT**

22. As the numbers above indicate, there was no equity in the Property upon the Sheriff's Sale.

23. Additionally, because equitable title has already been conveyed, because

4

Debtors have indicated their intention to surrender the Property [Doc. No. 24, page 3 of 5], and because this is a Chapter 7 proceeding, the Property is not necessary for an effective reorganization.

24.     Accordingly, cause exists for relief from the automatic stay, pursuant to 11 U.S.C. §362(d)(2).

25.     Movant will be irreparably harmed by the continuation of the automatic stay of 11 U.S.C. Section 362.

26.     Prior to the filing of this Motion, Movant's counsel sought and obtained the consent of (i) Debtor's counsel and (ii) Monique Almy, Chapter 7 Trustee, both of whom expressed their consent to the relief requested by this Motion.

27.     Pursuant to Local Bankruptcy Rule 9013-2, the Movant states that no memorandum will be filed with this Court and the Movant will rely solely upon this Motion.

**WHEREFORE**, Customers Bank moves this Court to enter an Order:

A.     Lifting the automatic stay imposed by 11 U.S.C. §362(a) to allow Movant to resume and conclude the foreclosure of the Property and generally to resume and pursue its state court remedies regarding its interest in the Property, and

B.     Grant such other and further relief as cause may require.

Dated: October 22, 2014                    Respectfully submitted,

/S/ Marc E. Shach
Marc E. Shach, Esquire, Bar #06788
Zachary J.A. Coon, Esquire, Bar# 29431
Coon & Cole, LLC
401 Washington Avenue, Suite 501
Towson, Maryland 21204
(410) 244-8800
mshach@ccclaw.net

5

CONSENTED AND AGREED TO BY:

/s/ George R. Roles, Esq.
George R. Roles, Esq.
Russack Associates, LLC
100 Severn Avenue
Suite 101
Annapolis, MD 21403

/s/ Monique D. Almy, Esq.
Monique D. Almy
Chapter 7 Trustee
Crowell & Moring
1001 Pennsylvania Avenue, N.W.
10th Floor
Washington D.C. 20004-2595

## Certification

I HEREBY CERTIFY that the terms of the copy of the consent motion submitted to the Court are identical to those set forth in the original consent motion; and the signatures represented by the /s/ on this copy reference the signatures of consenting parties on the original consent motion.

/s/ Marc E. Shach
Marc E. Shach

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of October, 2014, a copy of the foregoing *Motion Seeking Relief From Automatic Stay and Hearing thereon* was served electronically via CM/ECF system, or mailed first-class, postage prepaid, to:

**Electronic Mail Notice List** - Parties in the case only

- Monique D. Almy malmytrustee@crowell.com, cbest@crowell.com;malmy@ecf.epiqsystems.com
- William A Grafton graftonfirmecf@gmail.com, wgrafton@graftonfirm.com
- George R. Roles george@russacklaw.com, bk@russacklaw.com;tate@russacklaw.com;lori@russacklaw.com;tate@ecf.inforuptcy.com;george@ecf.inforuptcy.com

    /S/ Marc E. Shach_____
    Marc E. Shach